# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2897

_____

United States of America,  *
                           *
            Appellee,      *
                           *  Appeal from the United States
        v.                 *  District Court for the Western
                           *  District of Arkansas.
Jihad Jaafar Farhat, also known as  *
Ihab Jaafar Farhat,        *  [UNPUBLISHED]
                           *
            Appellant.     *

_____

Submitted: March 13, 2001

Filed: March 22, 2001

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and MONTGOMERY,* District Judge.

_____

PER CURIAM.

Jihad Jaafar Farhat pleaded guilty to illegal reentry into the United States by an aggravated felon in violation of 8 U.S.C. § 1326(b)(2), but reserved his right to contest whether his earlier bank fraud conviction was an aggravated felony. At sentencing, the

_____

*The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

district court[**] concluded Farhat's earlier bank fraud conviction was an aggravated felony and enhanced Farhat's sentence for that reason under U.S.S.G. § 2L1.2(b)(1)(A). On appeal, Farhat argues his earlier bank fraud conviction was not an aggravated felony at the time of the crime or the conviction because the loss amount did not exceed $10,000, as the "aggravated felony" definition requires. See 8 U.S.C. § 1101(a)(43)(M)(i). According to Farhat, the district court should have found the amount of loss was $7000, the amount charged in the fraud indictment, rather than the amount of restitution ordered, $21,353.31. We disagree. The bank fraud indictment detailed a wide-ranging scheme and artifice to defraud sufficient to encompass the $21,353.31 loss. Farhat also appears to argue the retroactive application of the $10,000 threshold in 8 U.S.C. § 1101(a)(43)(M)(i), which was $200,000 at the time of his bank fraud conviction, constitutes an ex post facto violation. We rejected this argument in United States v. Baca-Valenzuela, 118 F.3d 1223, 1231 (8th Cir. 1997). Last, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Farhat contends for the first time on appeal that his earlier aggravated felony conviction is an element of his offense, not just a sentencing factor, and under the facts of this case, Farhat's conviction and sentence violated the Fifth Amendment. There was no Apprendi error because Farhat admitted he had an earlier felony conviction and his sentence on the earlier conviction did not exceed the ten-year statutory maximum. See 8 U.S.C. § 1326(b)(1). We thus affirm Farhat's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[**]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.